AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Ohio

2/27/2025

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE CELLULAR TELEPHONE ASSIGNED CALL<br>NUMBER (937) 634-0281 | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.   3:25-105<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A. This Court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 846 and 841(a)(1) | Conspiracy to possess with intent to distribute a controlled substance |
| 21 U.S.C. § 843(b) | Use of a communications facility to commit a felony |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*To ensure technical compliance with the Pen Register Statute, 18 U.S.C. Sections 312 1-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order. Accordingly, the undersigned attorney certifies: (i) he/she is an "attorney for the government," (ii) DEA is the law enforcement agency conducting the investigation, and (iii) the information sought is likely to be relevant to an ongoing investigation of this agency."

RYAN SAUNDERS   Digitally signed by RYAN SAUNDERS<br>Date: 2025.02.27 13:26:12 -05'00'

NICHOLAS HOBBS   Digitally signed by NICHOLAS HOBBS<br>Date: 2025.02.27 13:06:38 -05'00'

_____
*Applicant's signature*

SA Nicholas Hobbs, DEA
_____
*Printed name and title*

Sworn to before me and signed in my presence via telephone.

Date: 2/27/25   _____      _____

Peter B. Silvain, Jr.
**United States Magistrate Judge**

City and state:   Dayton, Ohio

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (937) 634-0281 | Case No. __3:25-mj-105__<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Special Agent Nicholas Hobbs, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (937) 634-0281, with listed subscriber(s) Erika GARCIA (the "**TARGET CELL PHONE**"), whose service provider is T-MOBILE, a wireless telephone service provider located at 4 Sylvan Way, Parsippany, New Jersey 07054. The **TARGET CELL PHONE** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3.      I am a Special Agent (SA) with the U.S. Drug Enforcement Administration (DEA) and have been since August 2022.  Prior to employment with the DEA, I was a U.S. Border Patrol Agent in south Texas from 2009 to 2012 and a Police Officer in Dayton, Ohio from 2018 to 2022.  I am currently assigned to the Dayton Resident Office (DRO) of the DEA. I received specialized training from the DEA, including the 17-week Basic Agent Training course. This training focused on methods of unlawful drug trafficking; the identification of controlled substances; evidence handling; surveillance; undercover operations; arrest procedures; execution of search warrants; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate drug violations.

4.      During my career with the DEA thus far, I have participated in an assortment of controlled substances investigations, including investigations involving marijuana, cocaine, heroin, methamphetamine, fentanyl, and counterfeit pharmaceuticals.  To date, I have assisted in the investigation of financial crimes to include money laundering, structuring habits, and bulk cash smuggling.  I have interviewed witnesses, subjects, and defendants involved in and/or arrested for drug violations and have participated in several joint interagency federal and state investigations.  Additionally, I have participated in and supervised the use of confidential sources, undercover operations, conducted physical surveillance, affected search warrants and arrest warrants, and written numerous reports.  I have also written multiple affidavits in support of applications for arrest warrants and search warrants. Through my training, I have become familiar with coded terminology utilized by drug trafficking organizations to disguise their

illegal activities and the manner in which they conduct these illegal activities.  Through my training and experience, including on-the-job discussions with other law enforcement agents and cooperating suspects, I am familiar with the activities of drug smugglers and drug trafficking distribution networks

5.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 846 and 841(a)(1) (possession with the intent to distribute and to distribute a controlled substance and conspiracy to commit the same) and 21 U.S.C. § 843(b) (use of a communications facility to commit a felony) have been committed, are being committed, and will be committed by Erika GARCIA, and others who are known and unknown to me, by using **TARGET CELL PHONE**.  There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

**PROBABLE CAUSE**

7.     The United States, including the DEA is conducting a criminal investigation of a Drug Trafficking Organization (DTO) which consists of multiple members known and unknown, regarding possible violations of 21 U.S.C. §§ 846 and 841(a)(1) (possession with the intent to

3

distribute and to distribute a controlled substance and conspiracy to commit the same) and 21 U.S.C. § 843(b) (use of a communications facility to commit a felony).

8.  I submit, based on the facts below, there is probable cause to believe the **TARGET CELL PHONE**, as described above, is being utilized by Erika GARCIA. Law enforcement believe GARCIA is trafficking quantities of methamphetamine and it is believed that she is utilizing the **TARGET CELL PHONE** in furtherance of her criminal activity.

9.  On February 22, 2024, DEA investigators executed a federal search warrant at GARCIA's primary residence located at 3217 Olive Road. Trotwood, Ohio. GARCIA was located inside the residence as well as several firearms, methamphetamines and fentanyl.

10.  Subscriber information was obtained for time of July 26, 2024, through August 25, 2024, from Boost Mobile which utilizes T-Mobile network for the **TARGET CELL PHONE**. The **TARGET CELL PHONE** is believed to be used by GARCIA. The account was activated on June 14, 2024, with the subscriber information as Erika GARCIA, email address of MSEFIRSTLADY2023@GMAIL.COM, and a billing address of 3217 Olive Road. Trotwood, Ohio.

11.  On February 6, 2025, the **TARGET CELL PHONE** contacted an inmate named ████████████████████ at a correction facility in Pickaway, Ohio. ██████ has an extensive criminal history for but not limited to, possession of a controlled substance (heroin), improper handling of a firearm, carrying concealed weapon, and weapons while under disability.

12.  During the phone with GARCIA mentions how she may have a warrant out for her, and she may have to get a legitimate job. GARCIA also provides ██████ with her email address, msefirstlady2023@gmail.com, for further communications. I am familiar with

GARCIA's voice through the extensive DEA investigation of her drug trafficking endeavors in 2023 through 2024.

13.     In my training and experience I believe GARCIA still does not have a legitimate source of income and has continued her illegal drug dealings. I believe GARCIA is aware she may have a potential warrant for her arrest due to the prior mentioned search warrant at her residence. Investigators have not observe GARCIA at her prior listed residence and believe she is trying to conceal her whereabouts.

14.     On February 25, 2025, a federal grand jury indicted GARCIA for federal drug and firearm crimes in Southern District of Ohio Case No. 3:25-cr-16. The Honorable Judge Walter H. Rice issued an arrest warrant for Erika GARCIA.

15.     In my training and experience along with the training and experience of other investigators, and with the information above, I believe there is probable cause to believe GARCIA is utilizing the **TARGET CELL PHONE** in furtherance of violations of 21 U.S.C. §§ 846 and 841(a)(1) (possession with the intent to distribute and to distribute a controlled substance and conspiracy to commit the same) and 21 U.S.C. § 843(b) (use of a communications facility to commit a felony). Therefore, for the reasons within, I seek this warrant in conjunction with Federal Rule of Criminal Procedure 41(c)(4), for information that will aid in the arrest of GARCIA. Moreover, there is probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses, as well as assist investigators apprehend GARCIA on the outstanding federal warrant.

16.     In my training and experience, I have learned that T-MOBILE is a company that provides cellular telephone access to the general public.  I also know that providers of cellular

5

telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

17.    Based on my training and experience, and the experience of other investigators, I know that T-MOBILE can collect E-911 Phase II data about the location of the **TARGET CELL PHONE**, including by initiating a signal to determine the location of the **TARGET CELL PHONE** on T-MOBILE's network or with such other reference points as may be reasonably available.

18.    Based on my training and experience, I know that T-MOBILE can collect cell-site data about the **TARGET CELL PHONE**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the

6

cell tower to which the customer connected at the end of the communication; and (5) the duration

of the communication.  I also know that wireless providers such as T-MOBILE typically collect

and retain cell-site data pertaining to cellular devices to which they provide service in their normal

course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

19.     Based on the foregoing, I request that the Court issue the proposed search warrant,

pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

20.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal

Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

30 days after the collection authorized by the warrant has been completed.  There is reasonable

cause to believe that providing immediate notification of the warrant may have an adverse result,

as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the

**TARGET CELL PHONE** would seriously jeopardize the ongoing investigation, as such a

disclosure would give that GARCIA opportunity to destroy evidence, change patterns of

behavior, notify confederates, and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  As

further specified in Attachment B, which is incorporated into the warrant, the proposed search

warrant does not authorize the seizure of any tangible property.  *See* 18 U.S.C. § 3103a(b)(2).

Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic

communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information,

there is reasonable necessity for the seizure for the reasons set forth above.  *See* 18 U.S.C. §

3103a(b)(2).

21.     I further request that the Court direct T-MOBILE to disclose to the government

any information described in Attachment B that is within the possession, custody, or control of

T-MOBILE. I also request that the Court direct T-MOBILE to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-MOBILE's services, including by initiating a signal to determine the location of the **TARGET CELL PHONE** on T-MOBILE's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-MOBILE for reasonable expenses incurred in furnishing such facilities or assistance.

22.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET CELL PHONE** outside of daytime hours.

23.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

NICHOLAS HOBBS
Digitally signed by NICHOLAS HOBBS
Date: 2025.02.27 13:07:34 -05'00'

Nicholas Hobbs
Special Agent, DEA

Subscribed and sworn to before me on_____February 27_____, 2025.

Peter B. Silvain, Jr.
United States Magistrate Judge

8

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (937) 634-0281, with listed subscriber Erika GARCIA (the "**TARGET CELL PHONE**"), whose wireless service provider is T-MOBILE Corporation, a wireless telephone service provider located at 4 Sylvan Way, Parsippany, New Jersey 07054.

2. Records and information associated with the **TARGET CELL PHONE** that is within the possession, custody, or control of T-MOBILE including information about the location of the cellular telephone if it is subsequently assigned a different call number.

**ATTACHMENT B**

**Particular Things to be Seized**

I.      **Information to be Disclosed by the Provider**

All information about the location of the **TARGET CELL PHONE** described in Attachment A for a period of thirty days, during all times of day and night.  "Information about the location of the **TARGET CELL PHONE**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-MOBILE, T-MOBILE is required to disclose the Location Information to the government.  In addition, T-MOBILE must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-MOBILE's services, including by initiating a signal to determine the location of the **TARGET CELL PHONE** on T-MOBILE's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate T-MOBILE for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

## II.    Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. §§ 846 and 841 (possession with the intent to distribute and to distribute a controlled substance and conspiracy to commit the same) and 21 U.S.C. § 843(b) (use of a communications facility to commit a felony) involving Erika GARCIA and unidentified subject(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.